IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALDRIC HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11cv655-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 10, 2011 (Doc. No. 1), federal inmate Aldric Harris ("Harris) filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 by which he challenges the lawfulness of the 120-month sentence imposed in April 2006 following his guilty-plea conviction for unlawfully possessing a firearm after having been convicted of a felony (*see* Case No. 3:05cr223-MEF). Harris argues that this court erroneously applied a sentencing guidelines enhancement pursuant to U.S.S.G. § 2K2.1(a)(2) based on two prior state convictions for escape, which the court found to be crimes of violence.[1] For the reasons set out below, the court concludes that Harris's motion should be dismissed as an unauthorized successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

**I.  DISCUSSION**

---

[1] Section 2K2.1(a)(2) of the United States Sentencing Guidelines provides that the base offense level for a defendant convicted of unlawfully possessing a firearm shall be 24, "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense[.]" U.S.S.G. § 2K2.1(a)(2).

This is the second 28 U.S.C. § 2255 motion filed by Harris attacking his conviction and/or sentence in Case No. 3:05cr223-MEF. Harris's first such § 2255 motion was filed on June 22, 2007. *See* Civil Action No. 3:07cv593-MEF, Doc. No. 1. On March 11, 2008, this court denied that § 2255 motion as time-barred and dismissed the action with prejudice. *Id.*, Doc. Nos. 9 & 10 (adopting Recommendation of Magistrate Judge [Doc. No. 8]).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

For purposes of AEDPA's successive-motion rules, the dismissal of an initial § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion "successive." *See Villanueva v. United States*, 346 F.3d 55, 59-61 (2nd Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *Altman v. Benik*, 337 F.3d 764, 766

(7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims").

The pleadings and documents in this case reflect that Harris has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. It is well settled that a district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Thus, this court lacks the jurisdiction to consider Harris's present motion, and the motion is due to be summarily dismissed.[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be denied and this case dismissed, as Harris has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

---

[2] Harris is advised that the Eleventh Circuit has made clear that alleged errors in the application of the sentencing guidelines – like Harris's claim – do not constitute "fundamental miscarriage[s] of justice" or satisfy the "actual innocence" exception to the ordinary rules of procedural default. *See McKay v. United States*, 657 F.3d 1190, 1200 (11th Cir. 2011); *Bido v. United States*, 438 Fed. App'x 746, 748 (11th Cir. 2011); *Orso v. United States*, 452 Fed. App'x 912, 914-15 (11th Cir 2012). Such claims are therefore subject to being barred from collateral review by application of 28 U.S.C. 2255(f)'s one-year limitation period, by a petitioner's failure to raise the claim on direct appeal, and by the terms of a valid waiver provision contained in a plea agreement.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **February 27, 2013**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

DONE, this 13th day of February, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE